UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GATOR MITCHELL                                                               CIVIL ACTION

VERSUS                                                                                NUMBER: 20-1333

SGT. ROBERT GOINGS, ET AL.                                            SECTION: "R"(5)

### ORDER AND REASONS

Presently before the Court is Plaintiff's "Motion for Reconsideration/New Trial" of the undersigned's Order and Reasons of August 31, 2020 dismissing this matter as barred by the three strikes provision of 28 U.S.C. §1915(g). (Rec. doc. 64). The motion is opposed. (Rec. docs. 66, 67, 68). For the reasons that follow, it is ordered that Plaintiff's motion is denied.

Motions for reconsideration are not recognized by the Federal Rules of Civil Procedure but are nevertheless to be considered under Rules 54(b), 59, or 60. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *Castrillo v. American Home Mortgaging Service, Inc.*, No. 09-CV-4369, 2010 WL 1424398 at *3-4 (E. D. La. Apr. 5, 2010). Rules 59 and 60, however, apply only to final judgments. *Mitchell v. Amica Mutual Ins. Co.*, No. 14-CV-2766, 2015 WL 9488457 at *3 (E.D. La. Dec. 30, 2015). Thus, when a party seeks reconsideration of an order that adjudicates fewer than all of the claims among the parties, Rule 54(b) controls. *Gulf Fleet Tiger Acquisition v. Thoma-Sea Ship Builders*, 282 F.R.D. 146, 152 (E.D. La. 2012). In the Eastern District, the general practice has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Id.* at 152 n. 40; *Castrillo*, 2010 WL 1424398 at *4 n. 54. A Rule 59(e) motion calls into question the correctness of a judgment,

and courts have considerable discretion in deciding whether to grant or deny such a motion. *Gulf Fleet*, 282 F.R.D. at 152 (internal quotations and citations omitted). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. *Id.* Courts in the Eastern District generally consider the following four factors in deciding a motion under the Rule 59(e) standard:

1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

2) the movant presents newly discovered or previously unavailable evidence;

3) the motion is necessary in order to prevent manifest injustice; or

4) the motion is justified by an intervening change in controlling law.

> *Gulf Fleet*, 282 F.R.D. at 152-53 (citing *Castrillo*, 2010 WL 1424398 at *4)

Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Advocare Int'l, LP v. Horizon Labs, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 200)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st. Cir. 2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment "… is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976, 125 S.Ct. 411 (2004)(citations omitted). While district courts are vested with "… considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored. *Crain v. Schlumberger Technology Co.*, No. 15-CV-1777, 2016 WL 4508335 at *1 n. 9 (E. D. La. Aug.

2016)(citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Blythe v. Offshore Service Vessels, L.L.C.*, 423 F.Supp.3d 299, 304 (E.D. La. 2019).

Plaintiff's reliance on Rules 59(a) and 60 is unavailing here as no trial has been held in this case nor has a final judgment been entered that adjudicates all claims among the parties. Plaintiff argues that the Court's previous order dismissing this matter was based on "… three faulty premise[s]": 1) that he violated 28 U.S.C. §1915 by bringing a case in federal court in which he attempted to proceed *in forma pauperis*; 2) that he sought pauper status in violation of 28 U.S.C. §1915; and 3) that he owes a filing fee because "… the party which is removed to federal court pays the filing fee on removal." (Rec. docs. 64, p. 1; 64-2, p. 1). A casual reading of the Court's opinion, however, reveals that it made no such findings. The Court did not find that Plaintiff had attempted to proceed *in forma pauperis* ("IFP") in this forum, that he did so in violation of 28 U.S.C. §1915, or that he, as the non-removing party, is responsible for the filing fee upon this action being removed from state court to federal court. To the contrary, in the second paragraph of the Court's opinion it noted that Plaintiff had originally filed this case IFP in the Twenty-Second Judicial District Court for the Parish of Washington. Under 28 U.S.C. §1450, the order of the state court allowing Plaintiff to so proceed at the inception of this suit remains in full force and effect.[1/] *Dempster v. Lamorak Ins. Co.*, No. 20-CV-0095, 2020 WL 2197900 at *6-7 (E.D. La. May 6, 2020). In a slightly different context, various courts have found that 28 U.S.C. §1915(e),

---

[1/] In pertinent part, that statute provides that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

another subsection of the pauper statute which allows for the dismissal of cases that are frivolous, malicious, or fail to state a claim upon which relief can be granted, applies to lawsuits filed IFP in state court and removed to federal court. *Phillips v. City of Dallas*, No. 14-CV-3131, 2015 WL 233336 at *4 (N. D. Tex. Jan. 14, 2015), *appeal dis'd*, 644 Fed.Appx. 368 (5th Cir. 2016), *cert. dis'd*, ___ U.S. ___, 137 S.Ct. 2119 (2017); *Tsuchiya v. Texas*, No. 14-CV-0064, 2014 WL 1329127 at *1 (N. D. Tex. Mar. 5, 2014)(and cases cited therein), *adopted*, 2014 WL 12859928 (N. D. Tex. Apr. 1, 2014); *see also Ruston v. Dallas County*, No. 07-CV-1076, 2008 WL 958076 at *1-2 (N. D. Tex. Apr. 9, 2008)(and cases cited therein), *appeal dis'd*, 320 Fed.Appx. 262 (5th Cir.), *cert. dis'd*, 558 U.S. 807, 130 S.Ct. 267 (2009)(applying 28 U.S.C. §1915A to IFP case removed from state court to federal court). The Court can think of no principled reason why one subsection of the pauper statute would apply to prisoner lawsuits brought IFP in state court and later removed to federal court but another subsection of the same statute would not.

The Court thus returns to the basis of its previous decision in this matter, whether §1915(g) applies to lawsuits that were originally filed IFP by the plaintiff in state court and thereafter removed to federal court by the defendant. In *Hale v. Collier*, 690 Fed.Appx. 247 (5th Cir. 2017), a panel of the Fifth Circuit was called upon to address the appropriateness of a district court's decision to dismiss a prisoner's complaint under §1915(g) where the case had originally been filed IFP in state court and was removed to federal court by the defendants on the basis of federal question jurisdiction under 28 U.S.C. §1331. The panel ultimately vacated the decision of the district court and remanded the matter for further consideration not because §1915(g) does not apply to prison lawsuits that were brought IFP in state court and removed to federal court but because one of the "strikes" upon which

4

the §1915(g) dismissal was based was not a qualifying strike as some of the claims in that earlier suit had been dismissed on summary judgment. *Id.* at 248-49. In so ruling, the Fifth Circuit implicitly found that §1915(g) applies to IFP cases removed to federal court from state court. Other courts have reached this same conclusion based on the rationale that prisoners could attempt to avoid the intent of Congress and the statutory requirements of the Prison Litigation Reform Act ("PLRA") by originally filing in state court a civil rights lawsuit that would almost invariably be removed to federal court. *Riggins v. Kuoy*, No. 14-CV-0215, 2014 WL 3764156 at *2-3 (S. D. Ala. Jul. 30, 2014); *Riggins v. Corizon Medical Services*, No. 12-CV-0578, 2012 WL 5471248 at *1-2 (S. D. Ala. Oct. 19, 2012), *adopted*, 2012 WL 5470892 (S. D. Ala. Nov. 9, 2012); *Crooker v. Global Tel Link*, No. 11-CV-0229, 2012 WL 651644 (D. R. I. Jan. 6, 2012), *adopted*, 2012 WL 651641 (D. R. I. Feb. 28, 2012); *Farnsworth v. Washington State Dept. of Corr.*, No. 07-CV-0206, 2007 WL 1101497 (W. D. Wash. Apr. 9, 2007).

By way of three separate but nearly identical reply memoranda (rec. docs. 75, 76, 77) Plaintiff alerts the Court to two additional cases. The first case cited by Plaintiff, *Grayer v. Vannoy*, ___ Fed.Appx. ___, 2020 WL 5667845 (5th Cir. 2020), is unhelpful here as it has nothing to do with the applicability of §1915(g) to cases removed to federal court from state court. The second case cited by Plaintiff is a case emanating from the Tenth Circuit which is not binding upon the Court and is not as persuasive as the other authorities upon which the Court relied. As Plaintiff has not established a manifest of error of law or fact or pointed to newly discovered evidence, his motion for reconsideration is denied.

5

New Orleans, Louisiana, this 30th day of September , 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE