## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GATOR MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 20-1333** |
| **SGT. ROBERT GOINGS, ET AL.** | **SECTION: "R"(5)** |

### ORDER

Before the Court is the Motion to Stay All Possible Briefing Deadlines, and/or to Dismiss Repetitive Motion Until the Scheduling Conference is Had. (Rec. doc. 102). For the following reasons, the motion is **DENIED**.

Plaintiff asks the Court to stay all briefing deadlines until after the Scheduling Conference is held on August 16, 2022. Currently pending before the Court, however, are three motions to dismiss (Rec. docs. 95, 97, and 98) and one motion for summary judgement 103), three of which are scheduled for submission on the briefs on August 17, 2022.

A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55; *Nevada v. United States Dep't of Lab.*, 227 F. Supp. 3d 696, 698 (E.D. Tex. 2017).

This lawsuit was filed in 2020. It has already been to the Fifth Circuit once and remanded to this Court for consideration of the exhaustion requirement (Rec. doc. 91), which was not the basis for this Court's dismissal of the lawsuit in the first instance. A cursory review of the four pending motions to dismiss reveals that Defendants all argue

that Plaintiff failed to exhaust his administrative remedies, the issue on which the Fifth Circuit seeks resolution. This Court sees no reason to belabor the exhaustion requirement any further, and, in its discretion, declines to stay proceedings.

Moreover, Plaintiff appears to proceed under the belief that all motions that were pending before this Court dismissed the lawsuit in the first instance are automatically pending now due to the Fifth Circuit remand. That is not the case. All pending motions are termed (dismissed) when a lawsuit is dismissed, whether or not the non-prevailing party appeals to the Fifth Circuit. In effect, the case is closed for the purposes of this Court. The motions are not automatically pending again in the case of a remand. Without a directive from the Fifth Circuit to specifically consider a previously pending motion, which was not the case here, this Court does not re-open termed motions.

While this Court recognizes that a scheduling order has not yet been issued in this lawsuit since remand by the Fifth Circuit, this Court also realizes that the pending motions are *motions to dismiss*, which may be ruled on at the pleading stage of any litigation to protect judicial economy and the parties' resources. The motions to dismiss (Rec. docs. 95, 97, and 98) will remain set for submission the briefs on August 17, 2022. The motion for summary judgment (Rec. doc. 103) remains set for submission on the briefs on August 31, 2022.

New Orleans, Louisiana, this 17th day of August, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE