# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GATOR MITCHELL | CIVIL ACTION |
| VERSUS | NUMBER: 20-1333 |
| SGT. ROBERT GOINGS, <u>ET</u> <u>AL</u>. | SECTION: "R"(5) |

## ORDER

Before the Court are three motions to dismiss: (1) Defendant Brink Hillman's Renewed Motion to Dismiss for Plaintiff's Failure to Exhaust Administrative Remedies (Rec. Doc. 95); the Motion to Dismiss on Behalf of Defendant, John Crain (Rec. doc. 97)[1]; and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Rec. doc. 98) filed by Defendant, Sergeant Gary King. Also before the Court is the Motion for Summary Judgment on Behalf of Defendants Robert Goings, the State of Louisiana Through the Department of Public Safety and Corrections ("Louisiana"), and Warden Robert Tanner. (Rec. doc. 103). All four motions are opposed in one opposition memorandum. (Rec. doc. 108-3).

Also before the Court is Plaintiff's Motion to Compel Discovery Responses (Rec. doc. 104) (opposed by Hillman (Rec. doc. 109) and King and Hillman (Rec. doc. 112)); his Motion to Compel Discovery Responses (Rec. doc. 105) (opposed by Goings, Louisiana, and Tanner (Rec. doc. 113)); and his Motion for Limited Discovery on ARP Process (Rec. doc. 106) (opposed by all Defendants (Rec. docs. 111, 112, and 114)). In addition, Plaintiff's Motion for Leave to File Opposition Out of Time (Rec. doc. 108) and his Motion for Leave to Supplement Opposition (Rec. doc. 116) are before the Court. Having reviewed this over-abundance of pleadings and the case law, the Court rules as follows.

---

[1] There is some discrepancy in the record as to whether Defendant's last name is spelled "Crain" or "Craine." This Court uses the spelling referred to in the specific motions.

**I.      Background**

Through counsel, Gator Mitchell, Plaintiff herein and a former inmate at the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, originally filed this matter *in forma pauperis* in the Twenty-Second Judicial District Court for the Parish of Washington, State of Louisiana, asserting causes of action under 42 U.S.C. § 1983 and state law in connection with an incident of alleged use of excessive force that occurred at RCC on January 13, 2019. (Rec. docs. 1-2; 19-1). He was an inmate at RCC when he filed this lawsuit but was thereafter released from custody at that facility[2] and transferred to Escambia County, Florida, where he is currently being held. The case was thereafter removed to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Rec. doc. 1). In due course, after a flurry of motions were filed by all parties, they consented to the jurisdiction of the undersigned. (Rec. doc. 51).

After screening Plaintiff's complaint under 28 U.S.C. § 1915(g), this Court dismissed Plaintiff's complaint as barred by the three strikes provision of that statute. (Rec. doc. 63). Plaintiff moved for reconsideration (Rec. doc. 64), and this Court denied that motion. (Rec. doc. 78). Plaintiff then appealed (Rec. doc. 79), and the Fifth Circuit reversed and remanded. (Rec. doc. 91-2). Crucially, the Fifth Circuit stated:

---

[2] In his opposition brief, Plaintiff alleges that "That fact is material in this case, because, just like DENNIS BARGHER, at the time of the Appeal, Mandate and remand, GATOR MITCHELL was no longer required to exhaust administrative remedies, because he too had been released from the Louisiana Department of Corrections after suit was filed. GATOR MITCHELL is not at this time a DOC inmate. The PLRA does not now apply to this case." (Rec. doc. 108-3 at p. 3). Plaintiff's counsel's argument is factually incomplete and misleading. While Plaintiff was technically released from RCC, he was released to Escambia County, Florida, where a detainer existed for his arrest. He remains in custody to this day and Plaintiff's counsel has failed to address the impact of his incarceration in another state on his obligation to fully exhaust administrative remedies here. And, as he is in custody in Florida, counsel's statement that "[t]he PLRA does not now apply to this case" is clearly incorrect.

> The record here is devoid of any findings regarding exhaustion. Indeed, the issue of exhaustion was in discovery by the parties when this appeal occurred. As Mitchell suggests, remand is required to determine this question.

(Rec. doc. 91-2 at p. 7).

## II. Standards of Review

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *See Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. *Id.* at 502-03 (citing *Iqbal*, 556 U.S. at 678).

3

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'," thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

4

U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Phoenix on behalf of S.W. v. Lafourche Par. Gov't*, No. CV 19-13004, 2021 WL 184909, at *3-4 (E.D. La. Jan. 19, 2021); *see also* Fed. R. Civ. P. 12(d).

      B.      **Motion for Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review

of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Further, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial

that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### III.  Law and Analysis: The Motions to Dismiss and the Motion for Summary Judgment

All three motions to dismiss and the motion for summary judgment are based on Plaintiff's failure to exhaust his administrative remedies.  Indeed, Craine and King adopt Hillman's arguments from his motion to dismiss *in extenso*.

In *Johnson v. Tanner*, No. Civ. A. 14-0902, 2015 WL 3651369, at *3 (E.D. La. June 11, 2015), this Court summarized Louisiana law on its administrative remedy process:

> The Fifth Circuit has characterized exhaustion of prison administrative remedies as a "threshold issue" that must be addressed ". . . to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).  Under 42 U.S.C. § 1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit.  That statute, which was enacted in 1996 as part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002) (citing *Porter v. Nussle*, 534 U.S. 516 (2002)).  Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient.  *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition precedent to bringing suit.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."  *Id.*  (emphasis added).
>
> As RCC is a correctional facility under the auspices of the Louisiana Department of Corrections, the inmates who are housed there are required to follow a two-step process prior to filing suit.  LSA–R.S. 15:1172.  At the first step, the inmate initiates the process by submitting a letter ("grievance") to the warden briefly setting out the basis for his claim and the relief sought within 90 days of the alleged event or incident complained of.  *Campfield v.*

*Tanner*, No. 10-CV-1151, 2011 WL 4368723 at *2 (E.D. La. Aug. 16, 2011), *adopted with modification*, 2011 WL 4368842 (E.D. La. Sept. 19, 2011); *Francois v. Rigdon*, No. 09-CV-4505, 2009 WL 4891828 at *3 (E.D. La. Dec.9, 2009). The warden then has 40 days within which to respond to the grievance. (*Id.*). If the warden does not respond within that time frame or if he does so but the inmate is dissatisfied with the response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. *Id.* The Secretary has 45 days to respond to that request for review. *Id.*

Hillman filed a prior motion to dismiss the Amended Complaint on May 26, 2020. (Rec. doc. 23). Plaintiff filed an opposition to that motion to dismiss on June 23, 2020. (Rec. doc. 41). As part of his opposition, Plaintiff attached a Declaration Under Penalty of Perjury, which states that he sent two Administrative Remedies Procedures ("ARPs") to Warden Tanner's office on February 5, 2019. (Re. doc. 41-1 at p. 1). He stated that he sent a letter to the Warden on May 8, 2019, asking for the status of the ARPs but did not hear back. (*Id.*). He stated that he has "never been able to determine the status of the ARP" which he attached to his Declaration Under Penalty of Perjury. (*Id.*). Crucially, for the purpose of these motions, Plaintiff does not allege that he proceeded to the second step of the ARP review process by requesting review by the Secretary of the Louisiana Department of Public Safety and Corrections after the Warden failed to respond to his ARP.

The Fifth Circuit has held:

> Louisiana's Administrative Remedy Procedure has two steps, and a prisoner has not exhausted his remedies until he has completed both. *See Dillon v. Rogers*, 596 F.3d 260, 265-66 (5th Cir. 2010). A prisoner first submits a request to the warden briefly setting out the basis for the claim and the relief sought – these are the "ARPs" discussed at length above. *Id.* at 265. The warden then has 40 days to respond. *Id.* at 265-66. If the inmate is dissatisfied with the warden's response, *or no response is received within the 40-day time period*, the inmate may proceed to the second step and appeal to the Secretary of the Louisiana Department of Public Safety and Corrections. *Id.* at 266. *Critically, a prisoner who does not receive a timely response to his initial ARP is not prevented from filing a second-step ARP*. *See id.*; LA. ADMIN.

> CODE tit. 22, pt. I, § 325(J)(1)(c) ("expiration of response time limits shall entitle the offender to move on to the next step in the process.").

*Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (emphasis added).

Plaintiff acknowledges that he never proceeded to the second step of the grievance process but instead incorrectly contends that the second step was not available until the prison responded to his first-step grievance. *However, when prison officials failed to timely respond to his first-step grievance, Plaintiff was entitled under § 325(J)(1)(c) to proceed to the second step. See Dillon*, 596 F.3d at 266. Because Plaintiff filed his Section 1983 complaint before he completed the administrative grievance process, Plaintiff failed to exhaust the required administrative remedies before bringing this suit while incarcerated.

Plaintiff's arguments to the contrary are dubious at best and misrepresentations at worst. Plaintiff argues that the second step of the ARP process was unavailable to him because prison officials had not responded to his first-step ARP. That argument is belied by the Fifth Circuit precedent quoted above. The ARP process is complete <u>only</u> when the inmate receives the prison official's Second Step Response. *Pettis v. Hall*, No. 1:19CV357-RPM, 2021 WL 785097, at *2 (S.D. Miss. Mar. 1, 2021) (citing *Gross v. Hall*, No. 3:17-cv-494-CWR-FKB, 2019 WL 4397347, at *2 (S.D. Miss. Aug. 2, 2019)). That never happened here as Plaintiff never took advantage of the second step when he clearly could have, having received no response on his first-step ARP. *See Bargher*, 928 F.3d at 447; (Rec. doc. 41-1 at p. 1). That much is clear under the case law, which should be familiar to his counsel. The cases upon which Plaintiff relies are inapposite. For example, in *Collin v. Vannoy*, 169 So. 3d 405, 406 (La. Ct. App. 2015), the Court specifically noted that when the plaintiff had not received a response to his first-step ARP, he had proceeded to the second step of the administrative review process. That was not the case here.

Plaintiff also argues that after remand, Plaintiff refiled his lawsuit, was not a prisoner at that time, and thus did not need to exhaust available administrative remedies. Plaintiff misunderstands the working of the federal courts.  Plaintiff never refiled his lawsuit; it was merely reopened at the time of remand.  The only operative complaints are those in this lawsuit that Plaintiff filed while incarcerated.  Plaintiff was a prisoner at the time that he filed this lawsuit, and he thus had to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), "a prisoner confined in any jail, prison, or other correctional facility" must exhaust remedies prior to bring suit.  Plaintiff was incarcerated when he brought this suit, and the Fifth Circuit has held, following the Supreme Court, that whatever remedies are "available" must be exhausted before a prisoner's suit may be filed in federal court.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Plaintiff's release – and subsequent and immediate incarceration in Florida – during the pendency of the suit does not relieve him of the obligation to comply with 42 U.S.C. § 1997e.  *Williams v. Henagan*, 595 F.3d 610, 619 (5th Cir. 2010); *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc).

Plaintiff, through counsel, makes an additional, rather bizarre argument in an attempt to distinguish this case from the clear holding of the *Bargher* case.  Arguing that the *Bargher* decision is inapposite to the facts of this case, counsel claims that Defendant, Hillman, "overlooked the fact that the regulation <u>was amended</u> in 2019 and he did not address the form requirements in the regulation that prohibited GATOR MITCHELL from moving forward on his claim, when his ARPs were never accepted for processing."  (Rec. doc. 108-3 at 3)(emphasis added).  She goes on to argue that

> Mr. Hillman did not address the Administrative Regulations - 2019 - that apply to this case.  In *Bargher*, the Fifth Circuit

> found that Bargher could have proceeded to the next step even though his June ARP was never processed. A review of the Louisiana Department of Corrections regulation in place at the time that were binding on the RLCC and GATOR MITCHELL reveal that GATOR MITCHELL could not proceed to First or Second Step, due to the fact that his ARP was never accepted for processing, the First Step never issued, which, due to the form requirements, prohibited GATOR MITCHELL from reaching 2nd step. Under the Louisiana Administrative Code Title 22, Part 1, §325, proceeding from 1st step to 2nd step is form specific. The Rules require that a specific form be used to appeal from the Rayburn Correctional Center's finding (1st step) to the Secretary of the Department of Corrections, which issues the 2nd step.

(*Id.* at 3-4).

Counsel seems to be implying that *Bargher* can be distinguished from this case because of some "form-specific" amendment to the applicable regulation that was made in 2019. This argument is wrong on many levels.

First and foremost, the important language upon which the Fifth Circuit relied in *Bargher* has not changed since that Court's holding. Note this language from the *Bargher* decision:

> Bargher acknowledges that he never proceeded to the second step of the grievance process, but instead incorrectly contends that the second step was not available until the prison responded to his first-step grievance. However, when prison officials failed to timely respond to his first-step grievance, Bargher was entitled under § 325(J)(1)(c) to proceed to the second step. Because Bargher thus filed his § 1983 complaint prior to the completion of the administrative grievance process, the district court properly found that Bargher failed to exhaust the required administrative remedies before bringing this suit while incarcerated.

*Bargher*, 928 F.3d at 447.

This language is worthy of two observations in the context of Plaintiff's argument. First, substituting "Mitchell" for "Bargher" in the foregoing passage would *exactly* describe

11

the state of affairs in this case. Second, the provision relied upon by the Fifth Circuit, §325(J)(1)(c), has not changed at all since that Court's decision. It is exactly the same and for that reason the result in *Bargher* must, on these facts, be the same.[3]

A final observation (and a troubling one at that). In apparently attempting to convince the Court that there is some "new" form-specific requirement that takes Mitchell's case out of the *Bargher* realm, counsel included in brief a quote that apparently doesn't exist (or at least this Court cannot find it anywhere). Citing what she says is Louisiana Administrative Code (2019) 22:I:325 (J)(2)(a) and (4), counsel quotes the following language:

> 4. Deadlines and Time Limits. No more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process. **Time limits begin on the date the request is assigned to a staff member for the first step response (Form B-05-005-ARP-2).**

(Rec. doc. 108-3 at 7)(emphasis in original).

The Court is troubled by this "quotation" for a couple of reasons. First, there is no § 325 (J)(2)(a) or (4) in the Administrative Code. Perhaps that explains the second problem – the **bold-faced** language quoted above does not exist anywhere in § 325 or in all of Title 22 of the Code, for that matter. It appears to have been manufactured. The Court will set a separate briefing schedule and hearing for counsel to explain this anomaly.

In the end, no amount of discovery by Plaintiff can cure his failure to exhaust. The exhaustion of administrative remedies is governed by both the Louisiana statutes and federal case law. No discovery need be conducted on a legal issue, despite Plaintiff's

---

[3] *Compare* La. Register 39:2779 (Oct. 2013) *with* La. Register 45:672 (May 2019).

protestations to the contrary. Plaintiff simply fails to allege that he ever took advantage of the second step of the ARP procedure and it is clear that he did not. (Rec. doc 41-1 at p. 1). He only alleges that he was never able to determine the status of his first ARP. (*Id.*). However, that does not excuse his failure to proceed to the second step – as outlined by the case law above. Accordingly, whether analyzed under the standard for a motion to dismiss or that of a motion for summary judgment, the Court finds that Plaintiff's claims should be dismissed, and summary judgment should be granted to Defendants who filed that specific motion.

### IV. Conclusion

For the foregoing reasons,

The Court finds that dismissal of Plaintiff's claims without prejudice against all Defendants is warranted.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Opposition Out of Time (Rec. doc. 108) and Plaintiff's Motion for Leave to Supplement Opposition (Rec. doc. 116) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Brink Hillman's Renewed Motion to Dismiss for Plaintiff's Failure to Exhaust Administrative Remedies (Rec. Doc. 95); the Motion to Dismiss on Behalf of Defendant, John Crain (Rec. doc. 97); and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Rec. doc. 98) filed by Defendant Sergeant Gary King are **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment on Behalf of Defendants Robert Goings, the State of Louisiana Through the Department of Public Safety and Corrections, and Warden Robert Tanner. (Rec. doc. 103) is **GRANTED**.

All other motions are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that, no later than September 30, 2022, Plaintiff's counsel file into the record a memorandum explaining the provenance of the language discussed above that counsel attributed to §325 (J)(2)(a) or (4) of the Louisiana Administrative Code but that Court finds does not exist.

New Orleans, Louisiana, this  19th  day of                September               , 2022.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**